UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NATHAN MATTHEW KINARD,

   Petitioner,

v().                                       Case No. 3:18-cv-00111-MCR-HTC

MARK S INCH,

   Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Nathan Matthew Kinard has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF Doc. 8. Respondent ("the State") moved to dismiss the amended petition as untimely, providing relevant portions of the state court record. ECF Doc. 25. Petitioner filed a reply on March 15, 2019. ECF Doc. 28. The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The undersigned finds that the petition is untimely and therefore concludes that no evidentiary hearing is required for the disposition of this matter.

BACKGROUND AND PROCEDURAL HISTORY

On April 7, 2015, Petitioner entered a negotiated plea in Escambia County Circuit Court in three cases: Case Nos. 2014-CF-3493, 2015-CF-0042, and 2015-

CF-711. ECF Doc. 25-3 at 76 (Exhibit P).[1] The 2014 case dealt with Petitioner's molestation of an eight-year-old girl. ECF Doc. 25-1 at 4 (Exhibit A). The 2015 cases dealt with Petitioner's attempts to escape from confinement while awaiting resolution of the 2014 case. *Id.* at 5-8. Petitioner was adjudicated guilty and sentenced in all three cases on April 7, 2015, to a total 35-year sentence. *Id*. at 33 (Exhibit F), ECF Doc 25-2 at 8 (Exhibit H) and ECF Doc 25-2 at 20 (Exhibit I).

On October 6, 2016, Petitioner filed an identical postconviction motion under Florida Rule of Criminal Procedure 3.850 in each of the three cases cited above, raising one claim of ineffective assistance of counsel. ECF Doc. 25-3 at 1. (Ex. M, N, O). On October 27, 2017, the court entered an order summarily denying the motions for postconviction relief. ECF Doc. 25-3 at 76 (Exhibit P). Petitioner filed a notice of appeal. ECF Doc. 25-3 at 117. (Exhibit P, 80-81). On February 6, 2018, the First District Court of Appeal affirmed *per curiam* without a written opinion. ECF Doc. 25-4 at 1 (Exhibit R). The mandate issued March 6, 2018. *Kinard v. State*, 240 So. 3d 637 (Fla. 1st DCA 2018) (1D17-5213).

On November 13, 2017, Petitioner filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). ECF Doc. 25-4 at 13. (Exhibit T).

---

[1] The citations to the state record refer to the attachments to Respondent's response to the Petition. That is, this citation refers to page 76 of the PDF that is attachment 3 to ECF Doc. 25. That page contains this part of Exhibit P of the record materials submitted by the Respondent.

Petitioner filed that motion to correct only as to case number 2014-CF-3493. The trial court denied the motion on December 28, 2017. *Id.* at 19. On January 12, 2018, Petitioner filed a notice of appeal with the First District Court of Appeal of the trial court's December 28, 2017, denial (Case No. 1D18-570). ECF Doc. 25-4 at 21.[2]

Petitioner filed the instant action on January 5, 2018, by submitting a Civil Rights Complaint Form under 42 U.S.C. § 1983. ECF Doc. 1. Eventually, the Court recognized that Petitioner sought habeas relief and required Petitioner to file an amended habeas petition under 28 U.S.C. § 2254. ECF Doc. 7. Plaintiff did so in ECF Doc. 8.

Respondent has moved to dismiss the amended petition as untimely filed. ECF Doc. 25. Respondent argues that Petitioner's conviction became final on May 7, 2015; that the one-year federal limitations period ended on May 9, 2016; and, that, therefore, the limitations period had run by the time the Petitioner filed his first postconviction challenge to his conviction on October 6, 2016.

Petitioner filed a response in which he fails to address the delay between the date his convictions became final -- May 7, 2015 -- and the filing of his first postconviction motions -- October 6, 2016 -- ECF Doc. 28. Instead, Petitioner

---

[2] Petitioner also filed a second motion to correct sentence under Rule 3.800(a) as to case number 2014-CF-3493 on or about January 22, 2018. ECF Doc. 25-4 at 28 (Exhibit V). That motion was denied by the circuit court on or about February 9, 2018. ECF. Doc. 25-4 at 35 (Exhibit W).
Case No. 3:18-cv-00111-MCR-HTC

focuses on the time between the state court's adjudication of his second postconviction motion and the date he filed the instant case. Petitioner's complete argument consists of the following:

> 1. On December 28, 2017, the lower courts decided to deny the pro se motion to correct sentence.
>
> 2. On May 4, 2018, an Amended Habeas Corpus was filed in the higher court, which had been well within a year of the pro se decision.
>
> 3. See Progress Docket.
>
> Wherefore, based on the facts, the Petitioner was well within the timeframe.

*Id.* at 1.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Petitioner's § 2254 petition, because the petition was filed after AEDPA's effective date – April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). Additionally, the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner does not assert that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date his judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner was convicted on April 7, 2015, and a direct appeal was not taken. Thus, the judgment became final thirty (30) days later, on May 7, 2015. *See* Fla. R. App. P. 9.140(b)(3); *Saavedra v. State*, 59 So. 3d 191, 192 (Fla. 3d DCA 2011); *Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires). As the Respondent correctly

Page 6 of 10

points out, Petitioner's AEDPA limitations period began to run the following day, on May 8, 2015, under 28 U.S.C. § 2244(d)(1). Thus, absent any tolling, Petitioner had until Monday, May 9, 2016, to file his federal habeas petition. Petitioner, however, did not file his petition until 2018.

In his Amended Petition, Petitioner was asked whether he appealed his convictions of April 7, 2015, and he checked the box marked "Yes." ECF Doc. 8 at ¶ 8. However, in the next question, he was asked about that appeal and identified the appeal as his "Pro Se Motion for Post Conviction Relief (3.850)" which was denied on October 27, 2017. *Id.* at ¶ 9. The state court's "Order Denying Defendant's Pro See Motions for Postconviction Relief" found in Exhibit P contains a stamp indicating it was "E-Filed 10/27/2017." ECF Doc. 25-3 at 76 (Exhibit P). The referenced postconviction motions, however, were not a direct appeal of the April 2015 judgment and there is nothing in the record indicating Petitioner filed a direct appeal. Moreover, as discussed further below, the filing of those postconviction motions did not toll the time for Petition to file his habeas petition.

Petitioner's postconviction motions did not toll his time to file his habeas petition because Petitioner did not file his first postconviction motions until October 6, 2016, *after* the time for his habeas petition had already expired. *See Tinker v. Moore*, 255 F.3d 1331, 1334-1335 (11th Cir. 2001) (holding that, even though

Florida law allows a prisoner two years to file a 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the federal one-year limitation period), *cert. denied,* 534 U.S. 1144 (2002); *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) (in order for § 2244(d)(2) statutory tolling to apply, the petitioner must file state collateral petition before the one-year period for filing federal habeas petition has run); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under §2244(d)(2), even 'properly filed' state court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Since the Petitioner's October 2016 postconviction motions did not toll his time to file a direct appeal, Petitioner is wrong in relying on the date the trial court denied those postconviction motions as being the operative date for purposes of determining whether his petition is timely.

Also, Petitioner has not shown or even argued that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that a federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

his way and prevented timely filing" of his federal petition) (internal quotation marks and citation omitted). Petitioner's untimely filing thus requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis,* 580 U.S. —, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. Therefore, if there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the amended petition for writ of habeas corpus (ECF Doc. 8), challenging petitioner's judgment of convictions and sentences in Escambia County Circuit Court Case Nos. 2014-CF-3493, 2015-CF-0042, and 2015-CF-711, be DISMISSED WITH PREJUDICE as time barred.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida, this 25th day of March 2019.

                        */s/ Hope Thai Cannon*
                        **HOPE THAI CANNON**
                        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:18-cv-00111-MCR-HTC